IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| GUILLERMO LORENZO URISTA | § | |
| | § | Civil No. 7:13-CV-092-O |
| v. | § | |
| | § | Criminal No. 7:10-CR-009-O |
| UNITED STATES OF AMERICA | § | |

FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

Under the authority of 28 U.S.C. § 636(b) and Rules 8(b) of the Rules Governing Section 2255 Cases in the United States District Courts, this case was referred to the undersigned United States Magistrate Judge by Order of Reference[1] for hearing, if necessary, and proposed findings of fact, conclusions of law, and recommendation for disposition.

Statement of Case

Guillermo Urista was convicted upon his plea of guilty to the offense of conspiracy to distribute 50+ grams of methamphetamine charged in Count One of the indictment and was sentenced to imprisonment for 262 months. His appeal was dismissed as frivolous on July 19, 2012. He did not seek a grant of *certiorari* by the Supreme Court. By his Motion to Vacate herein, Urista seeks to challenge the forfeiture of two tracts of real estate he claims were inherited by him from his mother and to challenge the length of his sentence on grounds of ineffectiveness of his trial counsel (an IAC claim).

IAC Claims

It should be noted at the outset that Urista expressly negates any intention to challenge his

---

[1] ECF 8 (Citations to filings in this civil case will be in the format of "ECF__"; citations to filings in the original criminal case will be to "CR No. ___.")

1

plea of guilty to Count One of the indictment. Ostensibly, this is because the United States dismissed six other counts of the indictment against Urista as its part of the plea agreement.  Nonetheless, he claims that the part of his plea agreement relating to the forfeiture claims was not knowingly agreed to by him because his lawyer did not properly advise him about the forfeiture effect the plea agreement would have upon the tracts he claims he inherited from his mother.  He claims his attorney failed to adequately investigate and then communicate to him how the plea agreement would affect his interest in those properties.  In this assertion, his claim is wholly conclusory.  He does not allege that he advised his attorney(s) that the two tracts were inherited properties only or that they were not involved in or connected to the drug conspiracy.  He does not allege what information the attorney did not investigate or what that further discovered information would have disclosed, or how that information may have impacted his plea decision. Nor does Urista identify what his attorney did not know or did not disclose to him about how the plea agreement would affect the two named real estate tracts. Urista's claims that he did not understand the language or the effect of the terms of the plea agreement are belied by the transcripts of the re-arraignment proceedings.[2] Accordingly, Urista has failed to even allege a plausible IAC claim under either prong of the *Strickland* standard by which such claims are measured.[3] I recommend to the District Court that this claim be denied.

## Forfeiture Challenge

Urista's forfeiture challenge proceeds from his assertion that he inherited from his mother

---

[2]   CR 200, (Indictment read and understood and discussed with attorneys, pp. 13-14); (Guidelines discussed with his attorneys, p. 16); (forfeiture clause of Plea Agreement read in full, pp. 19-20)

[3]   *See Goyette v. United States*, 2012 U.S. Dist. LEXIS 23817, p.21-2 (N.D. Tex., 2012, MJ Averitte)(IAC claim as to restitution portion of sentence).

two tracts of real property located respectively at 2401 and 2403 Sherman Street in Vernon, Texas. He claims that they "had nothing whatsoever to do with the conspiracy," his offense.[4] This issue was not raised in any manner in the ancillary forfeiture proceedings before the district court nor on his direct appeal. Implicit in Urista's argument is the assertion that these inherited tracts were not properties subject to criminal forfeiture as defined in 21 U.S.C. § 853 (a) as:

> "(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;..."

and therefore are not proper subjects for forfeiture.

In addition to the drug abuse statutes, numerous other federal penal statutes authorize the forfeiture of property of a defendant convicted of a proscribed offense.[5] *Rule 32.2* of the Federal Rules of Criminal Procedure was adopted by the Supreme Court to provide for adequate notice to a defendant that the government will seek to deprive him of property to afford him an opportunity to challenge any forfeiture by the government and to assure that the statutory requisites for a criminal forfeiture have been satisfied. *United States v. Marquez*, 685 F.3d 501, 509 (5th Cir. 2012). As summarized in *Marquez*, *Rule 32.2* sets forth three general preliminary steps that must be followed in ancillary criminal forfeiture proceedings: first, that notice be given that the government seeks forfeiture; second, that a determination be made that certain property is subject to forfeiture; third, that a preliminary order of forfeiture be entered. These steps are mandatory. *Marquez* at 509. *Rule 32.2* also contemplates that a money judgment may be entered against a defendant which may be liquidated or discharged by the application of the forfeited property or the proceeds of a sale of

---

[4] ECF 3.

[5] For examples see 18 U.S.C. § 982 (financial institutions and fraud); 18 U.S.C. § 1963(a) (racketeering); 18 U.S.C. § 2253 (sexual exploitation of children); 21 U.S.C. § 853 (drug offenses).

the forfeited property.

Many of the statutes proscribing offenses for which forfeiture may be sought often expressly limit the forfeitability of the property using language similar to that used in § 853 above,[6] all of which can be summarized generically as "fruits or instrumentalities of the crime."[7] Rule 32.2 requires that there be some "nexus between the property and the offense" but the exact character or scope of that nexus is not otherwise defined in the rule. Where the statute proscribing the offense for which the defendant was convicted also proscribes or defines the scope and/or character of the property subject to forfeiture thereunder that very definition may define or delimit the requisite nexus that must be established under Rule 32.2. It should be noted, however, that 21 U.S.C. § 853(p), applicable to drug offenses, expands the forfeitability of property to include "substitute property" in addition to that characterized as "fruits or instrumentalities." Subsection (p)(1) of § 853 allows the forfeiture of "substituted property" in substitution for some of the "fruits or instrumentalities;" provided, however, that at least one of the five proscribed conditions is met.[8] Subsection (2) mandates a second requirement that the "substituted property" be limited to the value of the properties for which it is determined to be substituted. This expanded scope of property subject to forfeiture has also been adopted by express reference in at least one other criminal

---

[6] *See* 18 U.S.C. § 982(a)(6).

[7] For example 18 U.S.C. § 982 (a)(1) and (5)( "involved in such offense" or "represents or is traceable to the proceeds"; 18 U.S.C. § 2252A(a) (used" or "traceable to" the offense); 18 U.S.C § 1963 (a) ("constituting, or derived from, any proceeds").

[8] The property –"(A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third person; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or, (E) has been commingled with other property which cannot be divided without difficulty."

forfeiture provision.[9]

The fact that Urista claims the two tracts of real property were not tied to or connected with the drug conspiracy (the charge in Count One to which he pled guilty) is immaterial because the properties were subject to forfeiture <u>in substitution</u> for other properties upon the conditions provided in 21 U.S.C. § 853(p). These forfeiture items were identified by street address in both the indictment and in Urista's plea agreement.[10] The Indictment further expressly identified these tracts as being subject to forfeiture as "substitute property" pursuant to the provisions of 21 U.S.C. § 853(p).[11] Furthermore, Urista knowingly and voluntarily agreed as a part of his plea agreement to forfeit these properties "as a result of his conviction for the offense alleged in Count One and pursuant to 21 U.S.C. §853(a) and (p) and agreed to the entry of orders of forfeiture of the tracts of real property."[12] At the re-arraignment itself this language of the plea agreement was read aloud to Urista.[13] (See the quoted highlighted language as Exhibit A attached hereto in comparison to the quoted highlighted language of the Plea Agreement.)

While there is a distinction between the language used in the indictment and the language used in the plea agreement as to factual basis supporting the forfeiture of the two identified tracts of real property,[14] I find that this distinction is non-consequential in the context of this 2255 motion

---

[9] 18 U.S.C. § 2253(b)(applicable to offenses involving sexual exploitation of children)

[10] CR 72, pp. 7-8.

[11] CR 1, pp. 19-20.

[12] CR 70, pp.3-4.

[13] *Id.*

[14] The Indictment forfeiture notice expressly references subsection (p) of § 853 and then recites the five conditions available for the forfeiture of the substitute

5

under consideration.

Although Rule 32.2 mandates certain notice and findings as conditions to criminal forfeiture of property, neither Urista nor his counsel filed or made any objections to the forfeiture language of the indictment or the plea agreement. And under the language used in both the indictment and the plea agreement, Urista was put on notice, prior to the entry of his guilty plea, that the two tracts were subject to forfeiture. Furthermore, in the forfeiture section of his plea agreement, Urista expressly waived "any requirements of Rules 7, 32.2 and/or 43(a) of the Federal Rules of Criminal Procedure regarding the forfeiture proceedings (including notice of forfeiture in the indictment.)"[15] Thus, Urista had sufficient, requisite notice that forfeiture of the properties was sought and of the applicable conditions to such forfeiture.

The record discloses that the district court entered the requisite order of preliminary forfeiture of the two tracts and other identified properties shortly after accepting the defendant's guilty plea and plea agreement.[16] A final judgment was entered against Urista that did order forfeiture of the two tracts in addition to the other properties but it did not contain a money judgment against him.[17] Thereafter, a local bank filed a motion[18] to assert its property interest in one tract other than the two at issue herein. That motion was resolved upon the entry of a final order of

---

property while in the Plea Agreement Paragraph 7 references subsection (p) of § 853, it then recites the potential forfeiture of the two tracts "in satisfaction of the 'money judgment' noted as subject to forfeiture from him in the Indictment."

[15] CR No. 70 at 4.

[16] CR No. 117.

[17] CR No. 176.

[18] CR No. 193.

forfeiture[19] as to all of the properties, including the two disputed tracts. But in none of these proceedings did the district court make express findings regarding the occurrence of the § 853(p)(1) conditions or impose any money judgment against Urista. Nor did Urista make any objections thereto.

Apart from his general allegation that the voluntariness of his guilty plea was impacted by his attorney's failure to address the source of the two tracts of real property, Urista does not otherwise challenge the voluntariness of his plea and his acceptance of the plea agreement that resulted in the dismissal of six additional charges. I find that Urista has failed to allege sufficient facts to show any reasonable probability that the result of his proceedings would have been any different had the District Court followed the express terms of Rules 7, 32.2 and/or 43(a) of the Federal Rules of Civil Procedure and entered a "money judgment" or expressly made the §853(p) substitute property findings.

Urista's trial counsel cannot be faulted for not having availed Urista of the challenges available under Rule 32.2 of the Federal Rules of Criminal Procedure or subsection (I) of § 853 because such challenge would not have altered his term of confinement. Neither can Urista's counsel be faulted for not having challenged the forfeiture on direct appeal because none of his claims fall under any exception to the appellate waiver contained in Urista's plea agreement.[20] As correctly observed by the United States in its Response,[21] "Claims of ineffective assistance of counsel based upon restitution and forfeiture are not cognizable in a §2255 action because they do not relate to unlawful custody." *United States v. Hames*, No. 3:07-CV-1056-P, 2010 WL 1741328,

---

[19] CR No. 208.

[20] *Id*. at 6.

[21] ECF 7, p. 9.

at *4 (N.D. Tex. Apr. 29, 2010) (citing *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994)). Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Just as misapplication of the guidelines is not cognizable in § 2255 motions [22] so also procedural error in consideration or disposition of criminal forfeiture of property does not rise to the level of a miscarriage of justice cognizant in this § 2255 proceeding. I conclude that the distinction between the language used in the notice of forfeiture in the Indictment and the language used in the Plea Agreement do not rise to the level of a miscarriage of justice cognizable by this court in a § 2255 proceeding.

To the extent that Urista seeks return of the forfeited property for a violation of due process by the court's alleged failure to enter a money judgment or make express findings on the conditions provided in § 853(p)(1), while such action may be cognizable under 28 U.S.C. § 1983 it is not on this § 2255 Motion.

## Recommendation

Finding and concluding that Urista's claims lack merit, I recommend to the District Court that Urista's motion be denied without hearing.

## Standard Instruction to Litigants

A copy of this report containing findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served

---

[22] *United States v. Williamson*, 183 F.3d 458 (5th Cir. 1999).

with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED, this 28th day of April, 2015.

_____
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Exhibit A
Excerpt from Re-arraignment Transcript page 20.

```
5.............DEFENDANT AGREES TO THE FORFEITURE
6         TO THE UNITED STATES OF AMERICA ALL RIGHT, TITLE AND
7          INTEREST IN THE FOLLOWING PROPERTY IN SATISFACTION OF
8          THE MONEY JUDGMENT NOTE AS SUBJECT OF FORFEITURE FROM
9          HIM IN THE INDICTMENT: THE REAL PROPERTY LOCATED AT
10         2401 SHERMAN STREET, VERNON, WILBARGER COUNTY, TEXAS,
11         AND THE REAL PROPERTY LOCATED AT 2403 SHERMAN STREET,
12         VERNON, WILBARGER COUNTY, TEXAS. DEFENDANT AGREES TO
13         THE FORFEITURE OF THE ABOVE-DESCRIBED PROPERTY TO THE
14         UNITED STATES OF AMERICA AS A RESULT OF HIS CONVICTION
15         OF THE OFFENSE ALLEGED IN COUNT 1 AND ***PURSUANT TO TITLE***
16         ***21 UNITED STATES CODE, SECTIONS 853(A) AND (B).***
17         DEFENDANT CONSENTS TO THE ENTRY OF ORDERS OF FORFEITURE
18         FOR THE ABOVE DESCRIBED PROPERTY AND WAIVES ANY
19         REQUIREMENTS OF RULES 32.2 AND/OR 43(A) OF THE FEDERAL
20         RULES OF CRIMINAL PROCEDURE REGARDING THE FORFEITURE
21          PROCEEDINGS INCLUDING NOTICE OF FORFEITURE IN THE
22         INDICTMENT.
```

Excerpt from Plea Agreement p. 4

"Defendant agrees to forfeit to the United States of America all right, title, and interest in the following property in satisfaction of the 1'money judgment" noted as subject to forfeiture from him in the Indictment:   the real property located at 2401 Sherman Street, Vernon, Wilbarger County, Texas and the real  property located at 2403 Sherman Street, Vernon, Wilbarger County, Texas.  Defendant agrees to the  forfeiture of the above-described property to the United States of America as a result of his  conviction for the offense alleged in Count One and ***pursuant to 21 U.S.C. § 853(a) and (p).***   Defendant consents to the entry of orders of forfeiture for the above-described property and  waives any requirements of Rules 7, 32.2, and/or 43(a) of the Federal Rules of Criminal Procedure  regarding the forfeiture proceedings (including notice of forfeiture in the indictment).