IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| GUILLERMO LORENZO URISTA | § | |
| | § | Civil No. 7:13-CV-092-O |
| v. | § | |
| | § | Criminal No. 7:10-CR-009-O |
| UNITED STATES OF AMERICA | § | |

ORDER ACCEPTING FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
WITH SUPPLEMENTAL
<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

This is a motion to vacate, correct, or set aside sentence filed pursuant to 28 U.S.C. § 2255. After making an independent review of the pleadings, files and records in this case, of the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge, and of Guillermo Lorenzo Urista's objections to the Magistrate Judge's Recommendation, I am of the opinion that the Report and Recommendation of the Magistrate Judge is correct and it is hereby adopted and incorporated by reference as Findings of the Court. Additionally, the Court finds and orders as follows:

In his objections to the Magistrate Judge's Recommendation, Urista has presented, for the first time, the following grounds for relief:

1. Information gathered by prosecutors during Urista's debriefing by the government was wrongfully used to increase his sentencing guideline level;

2. He should have received leniency in sentencing due to his cooperation with the government;

3. Ineffective assistance because counsel failed to object to an erroneous two-level sentencing enhancement for obstruction of justice; and,

4. Involuntary plea of guilty because he was misled by counsel as to the length of the sentence that would be imposed if he entered a plea of guilty.

As a general rule, grounds for relief raised for the first time in a petitioner's objections to a Magistrate Judge's recommendation are not properly before the Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see Finley v. Johnson*, 243 F.3d 215, 219 n. 3 (5th Cir. 2001) (claims raised for the first time in objections to a magistrate judge's recommendation are generally not considered on appeal). However, in the interest of justice, a district court has the discretionary authority to consider such grounds for relief as an amendment or supplement to the original petition or motion to vacate. *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). In his objections the Magistrate Judge's recommendation in the instant case, the Defendant, Guillermo Lorenzo Urista, alleges misconduct on the part of the government and ineffective assistance of counsel resulting in an involuntary plea of guilty. The Court finds that the newly raised grounds for relief warrant review. Therefore, the new claims presented by Urista in his objections are hereby construed as supplemental grounds for relief.

28 U.S.C. § 2255 provides that a prisoner in custody under sentence of a federal court may file a motion to vacate, set aside or correct the sentence in the court which imposed the sentence. The statute states four grounds upon which such relief may be claimed:

1. that the sentence was imposed in violation of the Constitution or laws of the United States;

2. that the court was without jurisdiction to impose such sentence;

3. that the sentence was in excess of the maximum authorized by law, and;

4. that the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 (1962). Section 2255 does not mandate habeas relief to all who suffer trial errors. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981). It is limited to grounds of constitutional or jurisdictional magnitude, *Limon-*

*Gonzalez v. United States*, 499 F.2d 936, 937 (5th Cir. 1974), and for the narrow spectrum of other injury which "could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *Capua*, 656 F.2d at 1037.

When, as in the case at bar, a criminal defendant pleads guilty, he has entered more than a mere confession; a guilty plea is an admission that the defendant committed the charged offense. *North Carolina v. Alford*, 400 U.S. 25, 32 (1970); *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991). Once a criminal defendant has entered a plea of guilty, all nonjurisdictional defects in the prior proceedings are waived except claims of ineffective assistance of counsel relating to the voluntariness of the guilty plea. *E.g., United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982).

A criminal defendant can waive his right to seek post-conviction relief as part of a plea agreement. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The waiver must have been informed and voluntary which requires that the defendant knew that he had a right to seek post-conviction relief and that he was giving up that right. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Where the record clearly reveals that a defendant understood the terms of his plea agreement and that he raised no question regarding the waiver of post-conviction relief, the defendant is bound by the terms of the agreement. *Wilkes*, 20 F.3d at 653; *Portillo*, 18 F.3d at 293.

The waiver set forth in Urista's plea agreement states:

Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment,

>or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

*See United States v. Urista*, 7:13-CV-092-O, Plea Agreement, ECF No. 70 at 6.

The record in this action reflects that Urista understood the terms of his plea agreement and it does not appear that he ever raised a question regarding his waiver of post-conviction relief. Therefore, Urista is bound by the terms of the agreement. The first two new grounds for relief listed above are barred from review by Urista's waiver of the right to pursue collateral relief except under certain circumstances. In addition to being barred by agreement, Urista's claim that prosecutors wrongfully used information voluntarily provided by him during debriefing is conclusory in nature and, as such, does not present a cognizable ground for § 2255 relief. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (conclusory allegations do not raise a constitutional issue in a federal habeas proceeding). "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Urista has failed to identify the information that he claims was wrongfully used against him and he has failed to indicate how that information resulted in an increase in his guideline level. Urista's second claim, that he should have received leniency in sentencing due to his cooperation with the government, is nothing more than an out-of-time plea for leniency that does not reflect any constitutional infirmity in the proceedings. Urista is not entitled to relief on his first two supplemental grounds.

Because Urista reserved the rights to bring claims of ineffective assistance of counsel and involuntary plea of guilty, the Court will review the merits of his third and fourth supplemental grounds for relief.

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When a convicted defendant seeks relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-91 & 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

"It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight. [citations omitted]. Rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). The court need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In order to demonstrate prejudice under *Strickland* in the context of non-capital sentencing, a movant must demonstrate that there is a reasonable probability that but for trial counsel's errors the defendant's sentence would have been less harsh. *United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004).

In his third supplemental ground for relief, Urista claims ineffective assistance of counsel for counsel's failure to object to an erroneous two-level sentencing enhancement for obstruction of justice. Review of the record reflects that paragraph no. 80 on page 15 of the Presentence Report included a two-level increase in Urista's sentencing guideline level for obstruction of justice. *See United States v. Urista*, 7:13-CV-092-O, ECF No. 119-1. Counsel filed objections to the Presentence Report in which he specifically objected to the obstruction of justice enhancement for the same reasons set forth by Urista in this supplemental ground for relief. *See United States v. Urista*, 7:13-CV-092-O, Objections to Presentence Report, ECF No. 12 at 1. The Court therefore finds that this ground for relief is factually erroneous. Counsel may not be deemed ineffective as a result of the Court's ruling, whether expressed or implied, on his objection. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (unsuccessful efforts on the part of counsel do not constitute ineffective assistance). This ground for relief is without merit.

In his fourth supplemental ground for relief, Urista claims that his guilty plea was involuntary because he was misled by counsel as to the length of the sentence that would be imposed if he entered a plea of guilty. Urista refers to the transcript of his re-arraignment which reflects that, at one point during the hearing, the Magistrate Judge had some reservations with regard to accepting Urista's guilty plea based upon his observation of Urista and Urista's apparent reluctance to plead guilty. *See United States v. Urista*, 7:13-CV-092-O, Transcript of Re-arraignment, ECF No. 200 at 27. The Court allowed one hour for Urista to further discuss his plea with counsel. *See id.* Urista claims that, during the discussion, counsel encouraged him to plead guilty and told him he would receive a ten-year sentence with a guilty plea but that trial would result in a 25-year sentence. *See* Movant's Objections,

ECF No. 12 at 3. Urista states that, when he remained reluctant to plead guilty, counsel brought his wife into the room in an effort to convince him to plead guilty. *See id.*

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). "Before the trial court may accept a guilty plea, the court must ensure that the defendant 'has a full understanding of what the plea connotes and of its consequence.'" *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir.1991) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). This constitutional inquiry focuses on three core concerns: (1) the absence of coercion; (2) an understanding of the charges, and; (3) a realistic understanding of the consequences of the guilty plea. *United States v. Bernal*, 861 F.2d 434, 436 (5th Cir. 1988). These core concerns are addressed by the admonishments contained in Rule 11 of the Federal Rules of Criminal Procedure. The Rule 11 admonishments provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993).

The record in this case reflects that Urista freely and voluntarily entered a plea of guilty to the charge of conspiracy to distribute a controlled substance. *See United States v. Urista*, 7:13-CV-092-O, Factual Resume, ECF No. 71; Plea Agreement, ECF No. 70; Transcript of Rearraignment, ECF No. 200 at 28-32. He was fully aware that he faced a sentence with a statutory minimum of ten years and a maximum of life in prison, and that the Court would impose his sentence with no promises as to what that sentence would be. *See id.*, Plea Agreement, ECF No 70 at 2-3 & 6; Transcript of Rearraignment, ECF No. 200 at 11. He understood that the sentence would be determined after the presentence report was compete and that stipulated facts and also facts not mentioned in any stipulation could be taken into consideration in determining his sentence. *See id.*, Transcript of Rearraignment, ECF No. 200 at 12-13. Urista's constitutional and other rights were explained to him

in detail. *See id.*, Transcript of Rearraignment, ECF No. 200 at 6-13. Urista stated under oath that he understood his rights as explained by the Court. *See id.*, Transcript of Rearraignment, ECF No. 200 at 28-31. He testified that he was pleading guilty to Count 1 of the indictment and he admitted to committing the offenses as charged. *See id.*, ECF No. 200 at 31-33. He further stated that he read and understood the factual resume and that the facts stated therein were true. *See id.*

The record reflects that Urista reviewed the Presentence Report with counsel and was thus aware of the guideline sentencing range of 262 to 327 months. *See id.*, Transcript of Sentencing, ECF No. 197 at 4-5. At his sentencing, after being admonished by the Court as to the sentencing range, Urista was afforded an opportunity to speak, yet he said nothing about the 10-year sentence allegedly promised by counsel. *See id.*, Transcript of Sentencing, ECF No. 197 at 9-10.

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id*. The record in this case reflects that Urista was aware of the charge against him and of the fact that he faced a potential sentence of life in prison. Therefore, he cannot show prejudice resulting from any error on the part of counsel in allegedly suggesting that he would be sentenced to the ten-year statutory minimum. *See United States v. Cervantes*, 132 F.3d 1106, 1110-11 (5th Cir. 1998) (holding that a hearing was not necessary for a petitioner who alleged that counsel promised a lesser sentence where plea agreement and rearraignment colloquy contradicted his claim). When considered in light of the record in this case, Urista's supplemental ineffective assistance claim must fail.

Additionally, the Court notes that the promise of a ten-year sentence, allegedly made by counsel, occurred on September 16, 2010 during Urista's re-arraignment. Now, almost 5 years later, Urista presents this allegation for the first time with no explanation as to why it has never before been mentioned to the Court. *See Field v. Corrections Corp. of America Inc.*, 364 Fed. App'x 927, 930 n.1 (5th Cir. 2010) (finding that the district court did not abuse its discretion in refusing to consider a claim raised for the first time in objections to a magistrate judge's recommendation, especially in light of the length of time that had passed and where there was no explanation for plaintiff's failure to present the claim in a timely manner).

For the foregoing reasons, the motion filed under 28 U.S.C. § 2255 is DENIED.

SO ORDERED this 30th day of July, 2015.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE